NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEYU LU, | No. 15-71855 |
| Petitioner, | Agency No. A099-960-847 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.

Deyu Lu, a native and citizen of China, petitions for review of the denial of

his applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Convention Against Torture (CAT) by the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1252, and we deny Lu's petition.

**1**. Lu challenges the BIA's affirmance of the Immigration Judge's (IJ) adverse credibility determination. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)).

The BIA found that the IJ's adverse credibility determination was supported by the totality of the record evidence. In particular, the BIA noted that: (1) Lu had lied to the United States Consulate a number of times in order to gain access to the United States even before he became a Christian; (2) Lu was not forthright regarding what he told the Consulate regarding his purpose for coming to the U.S.; (3) Lu failed to disclose that he resided in Oklahoma rather than California for three years; (4) Lu claimed to have been employed as a taxi driver in China for 20 years, but his household register stated he was unemployed; and (5) Lu offered "changing explanations for why his wife did not attend his baptism in China."

Lu admits to some of the misrepresentations and offers explanations for other inconsistencies. But we can reverse the BIA only if Lu shows that the evidence *compels* the conclusion that the asylum decision was incorrect. *Go v.*

*Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). Because Lu fails to show that the BIA's adverse credibility finding is not supported by substantial evidence, his asylum claim fails.

**2.** The adverse credibility finding also undermines Lu's claims for withholding of removal and CAT relief. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation."); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) ("[B]ecause we affirm the BIA's determination that Farah and his witnesses were not credible, we must similarly affirm the rejection of Farah's claim under the Convention Against Torture.") Here, the only evidence of past persecution is Lu's testimony, which the BIA correctly found to be unreliable.

The petition for review is **DENIED**.